UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| TAYLOR LOVELY, | ) | |
| | ) | |
| Petitioner, | ) | 1:19-cr-00134-LEW-4 |
| | ) | 1:23-cv-00216-LEW |
| v. | ) | 1:19-cr-00171-LEW-3 |
| | ) | 1:23-cv-00288-LEW |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTIONS**

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motions, 1:19-cr-00134-LEW-4, ECF No. 756, 1:19-cr-00171-LEW-3, ECF No. 1140.) Following a guilty plea, Petitioner was convicted of two conspiracies to distribute and possess with intent to distribute methamphetamine; the Court sentenced Petitioner to 158 months in prison. (Amended Judgment, 1:19-cr-00134-LEW-4 ECF No. 578, 1:19-cr-00171-LEW-3 ECF No. 649.) In a consolidated appeal with two of Petitioner's codefendants, the First Circuit affirmed. *United States v. Cruz*, 49 F.4th 646 (1st Cir. 2022).

Petitioner claims his attorney provided ineffective assistance at the plea stage and at sentencing. The Government requests dismissal. (Response, 1:19-cr-00134-LEW-4 ECF No. 773, 1:19-cr-00171-LEW-3 ECF No. 1142.)

Following a review of the record and after consideration of Petitioner's motions and the Government's request for dismissal, I recommend the Court grant the Government's request and dismiss Petitioner's motions.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In July 2019, a grand jury indicted Petitioner on: (1) conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine or 500 grams or more of a mixture containing methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii); and (2) unlawful use of a communication facility in violation of 21 U.S.C. §§ 843(b) and 843(d).  (Indictment, 1:19-cr-00134-LEW-4, ECF No. 2.)  The conspiracy operated in Aroostook County between January 2017 and August 2018, and it involved ten other codefendants.  (*Id.*; *see also*, Revised Presentence Investigation Report (PSR) ¶ 8–10, 1:19-cr-00134-LEW-4, ECF No. 521, 1:19-cr-00171-LEW-3, ECF No. 570.)

In September 2019, an investigation into a separate conspiracy produced a second indictment against Petitioner for: (1) conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine or 500 grams or more of a mixture containing methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii); and (2) conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), 1956(h), and 1957(a).  (Indictment, 1:19-cr-00171-LEW-3, ECF No. 3.)  The conspiracy operated in Aroostook County between July 2018 and May 2019, and it involved sixteen other codefendants.  (*Id.*; *see also*, PSR ¶ 21–22.)

In December 2020, pursuant to a plea arrangement, Petitioner pled guilty to the first count of each indictment.  (Change of Plea Hearing, 1:19-cr-00134-LEW-4, ECF No. 461, 1:19-cr-00171-LEW-3, ECF No. 470.)  Under the plea agreement, Petitioner waived his right to appeal from a sentence not exceeding 120 months for the first conspiracy and 188

2

months for the second conspiracy; the Government agreed, among other things, to (1) dismiss the remaining charges, (2) recommend concurrent sentences, (3) recommend three-level guideline reductions for acceptance of responsibility, and (4) recommend a three-level downward variance for pleading guilty via video conference during the COVID-19 pandemic. (Plea Agreement, 1:19-cr-00134-LEW-4, ECF No. 455, 1:19-cr-00171-LEW-3, ECF No. 450.)

The Probation Office noted that the statutory range was ten years to life and recommended a base offense level of thirty-six because of the combined converted drug weight of twenty kilograms, a two-level firearm enhancement, and three-level reductions for acceptance of responsibility. (PSR ¶¶ 32–41, 77.)  Based on a total offense level of thirty-five and a criminal history category of II, the recommended guideline sentencing range was 188 to 235 months in prison.  (*Id.* ¶¶ 46, 78.)  The three-level variance for the COVID video plea reduced the range to 135 to 188 months.  (*Id.* ¶¶ 79, 95.)

Petitioner initially contested seven major issues in the PSR.  (*Id.* at 32–37.)  The Probation Office considered altering the recommendation on acceptance of responsibility for contesting relevant conduct without an adequate basis.  (*Id.* at 37.)  Petitioner persisted with only two of the original objections; he objected to the firearm enhancement and argued that he should receive credit for certain time in custody.  (Sentencing Memorandum, 1:19-cr-00134-LEW-4, ECF No. 540, 1:19-cr-00171-LEW-3, ECF No. 600.)  Petitioner also argued that if the firearm enhancement did not apply, he would not be subject to the usual mandatory minimum sentence based on the "safety valve" provision, *see* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2, and if the firearm enhancement applied based only on the

3

foreseeable conduct of coconspirators rather than on his own conduct, he would be eligible for a two-point guideline reduction under the U.S.S.G. § 2D1.1(b)(18) safety valve. (*Id.*)

At sentencing in May 2019, the Government argued that (1) Petitioner was not eligible under either safety valve provision because he failed to satisfy the fifth element (making a complete and truthful disclosure of all information and evidence about the offenses and schemes), (2) the firearm enhancement applied to Petitioner, and (3) Petitioner should not receive the reductions for acceptance of responsibility because Petitioner was charged with assaulting a corrections officer at Aroostook County Jail after the plea agreement. (Sentencing Transcript at 38–48, 59–76, 87–88, 1:19-cr-00134-LEW-4, ECF No. 687, 1:19-cr-00171-LEW-3, ECF No. 831.) Petitioner called as a witness a psychologist, Dr. Diane Tennies, who performed a psychological evaluation of Petitioner; Dr. Tennies testified as to how Petitioner's purported inability to provide certain information could be related to his cognitive difficulties rather than an attempt to withhold or conceal pertinent information. (*Id.* at 20–36; 98–102 Supplemental Sentencing Memorandum, 1:19-cr-00134-LEW-4, ECF No. 560, 1:19-cr-00171-LEW-3, ECF No. 622; Tennies Report, 1:19-cr-00134-LEW-4, ECF No. 560-1, 1:19-cr-00171-LEW-3, ECF No. 622-1.)

The Court found that Petitioner was not eligible under either safety valve provision. (Sentencing Transcript at 56–58.) The Court also applied the firearm enhancement and determined that Petitioner was not entitled to the reductions for acceptance of responsibility. (*Id.* at 83–84, 117–18.) A total offense level of 38 and a criminal history category of II produced a guideline range of 262 to 327 months in prison. (*Id.* at 118, 124.)

The Court also noted that it would consider the three-point downward variance. (*Id.* at 124.) A three-point reduction would have resulted in a range of 188 to 235 months. The Court imposed a sentence of 188 months on each conviction, to be served concurrently, and subsequently corrected the sentence to 158 months. (*Id.*; Judgment, 1:19-cr-00134-LEW-4, ECF No. 578, 1:19-cr-00171-LEW-3, ECF No. 649.)

Petitioner filed an appeal challenging the constitutionality of one of the conditions of supervised release; the First Circuit upheld the sentence. *United States v. Cruz*, 49 F.4th 646, 651–54 (1st Cir. 2022). Petitioner subsequently filed the § 2255 motions.

## DISCUSSION

### A.    Legal Standards

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

"*[P]ro se* habeas petitions normally should be construed liberally in petitioner's favor." *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). When "a petition for federal habeas relief is presented to the judge

5

who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "[A] defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff*, 308 F.3d at 127–28. Procedural default is an affirmative defense. *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010). The First Circuit has recognized that "federal courts have the authority to consider procedural default *sua sponte.*" *Rosenthal v. O'Brien,* 713 F.3d 676, 683 (1st Cir. 2013) (citing *Brewer v. Marshall,* 119 F.3d 993, 999 (1st Cir. 1997)); *see also Daniels v. United States*, 532 U.S. 374, 382-83 (2001) (recognizing that "procedural default rules developed in the habeas corpus context apply in § 2255 cases") (citing *Frady*, 456 U.S. at 167-68).

An allegation of ineffective assistance of counsel can excuse a procedural default if the petitioner demonstrates that counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The petitioner must also demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A district court reviewing a claim of ineffective assistance of counsel

6

need not address both prongs of the *Strickland* test because a failure to meet either prong will undermine the claim. *Id.* at 697. If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

Under the law of the case doctrine, "issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (internal modifications and quotation marks omitted); *see also Elwell v. United States*, 95 F.3d 1146, 1996 WL 516138 at *5 (1st Cir. 1996) (holding that a petitioner "is not entitled on collateral review to relitigate issues raised on direct appeal, absent an intervening change in the law"); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004) (collecting cases and explaining limited exceptions).

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954 (quotation marks omitted)).

Summary dismissal of a motion is permitted when the allegations are "'vague, conclusory, or palpably incredible,'" even "'if the record does not conclusively and expressly belie [the] claim.'" *David*, 134 F.3d at 478 (quoting *Machibroda v.*

7

*United States*, 368 U.S. 487, 495 (1962)).  A court can reasonably require a petitioner to supply the court with salient details of the claim prior to permitting discovery or a hearing. *Id.* (holding that "the district court did not abuse its discretion in refusing to license a fishing expedition").

**B.     Ineffective Assistance at Plea Stage**

Petitioner argues that his attorney failed to advise him properly about the stipulations of the plea agreement and to explain the detrimental effect of the plea agreement on the scope of issues he could pursue on appeal.  Petitioner does not identify the stipulations counsel failed to explain or the issues Petitioner would have sought to preserve for an appeal if counsel had provided additional explanation about the appeal waivers.  The arguments are too vague and, therefore, fail.  *See Hunnewell v. United States*, 738 F. Supp. 582, 585 (D. Me. 1990) ("A section 2255 motion which states conclusions without specific and detailed supporting facts may be summarily denied. Plainly, Petitioner's motion is too vague since it does not even hint at the evidence and comments to which it refers") (citation omitted).

Petitioner's arguments are also unsupported by the record.  At the change of plea hearing, the Court inquired about counsel's explanations of the plea agreement, Petitioner's understanding of the plea agreement, and the appeal waivers; Petitioner plainly stated that counsel explained the issues and that he understood them fully.  (Change of Plea Transcript at 12–15, 19–27, 1:19-cr-00134-LEW-4, ECF No. 650, 1:19-cr-00171-LEW-3, ECF No. 772.)   The Government also submitted records of communications among counsel, Petitioner, and a family member who assisted in Petitioner's defense, which records

8

contain comprehensive explanations of the benefits of the plea agreement and the issues and efforts relevant to the attempt to obtain the lowest possible sentence.  (Exhibits, 1:19-cr-00134-LEW-4, ECF Nos. 773-1–4, 1:19-cr-00171-LEW-3, ECF No. 1142-1–4.) Because Petitioner's contentions are inconsistent with the record evidence, he cannot establish deficient performance or prejudice.  *See United States v. Marrero-Rivera*, 124 F.3d 342, 349 (1st Cir. 1997) (noting that litigants are held to their assurances and that statements at a plea hearing carry a strong presumption of truthfulness) (citations and quotation marks omitted).

Petitioner also claims that his attorney provided ineffective assistance when he advised that Petitioner would likely receive a longer sentence by foregoing a plea, rather than explaining that it was Petitioner's right to insist on a trial.  Given the combination of the three-point reduction for acceptance of responsibility and the three-point variance for a COVID video plea, counsel reasonably assessed that the expected impact at sentencing on a guilty plea would be significant.[1]  The record also shows that counsel advised Petitioner that trial was an option with the downside of greater sentencing exposure and the upside of a chance of acquittal.  (October 5, 2019, Email at 8–9, 1:19-cr-00134-LEW-4, ECF No. 773-3, 1:19-cr-00171-LEW-3, ECF No. 1142-3.)  The Court also informed Petitioner that he had a right to insist on a jury trial, and Petitioner confirmed that he understood.  (Change of Plea Transcript at 14–17.)

---

[1] Although Petitioner ultimately did not obtain a reduction for acceptance of responsibility, counsel cannot be deemed responsible for the consequences related Petitioner's post-plea conduct.

Because Petitioner has offered no explanation to undermine the contemporaneous record evidence, he has failed to establish that his attorney performed deficiently or that he was prejudiced as a result of counsel's decisions.

## C.   Ineffective Assistance at Sentencing

Petitioner claims his attorney provided ineffective assistance at sentencing by: (1) failing to investigate or secure rebuttal evidence regarding certain statements in the PSR; (2) declining to maintain certain objections to the PSR, including some that might have affected his placement within the federal correctional system; and (3) failing to elicit effectively certain testimony and argue as to the importance of Petitioner's mental health status.

The arguments regarding sentencing fail for essentially the same reasons Petitioner's other challenges fail. Petitioner cannot establish deficient performance or prejudice because his arguments are too vague.  He does not explain with any particularity which statements in the PSR were allegedly incorrect, the evidence that might have been located, the objections counsel should have been maintained, or the additional evidence or arguments that could have made a difference regarding his mental health.  *See Janosky v. St. Amand*, 594 F.3d 39, 49 (1st Cir. 2010) ("Where, as here, the result of counsel's alleged failure to investigate is wholly speculative, *Strickland*'s prejudice prong is not satisfied").

A review of the record does not reveal any substandard performance.  Petitioner confirmed the accuracy of the factual statements contained in the PSR, (Sentencing Transcript at 10, 58–59), counsel made a reasonable tactical choice to forego less persuasive objections in an effort to preserve the recommended acceptance of

10

responsibility reductions, (April 26, 2021, Email, 1:19-cr-00134-LEW-4, ECF No. 773-4, 1:19-cr-00171-LEW-3, ECF No. 1142-4), and through Dr. Tennies' testimony and report, counsel presented evidence to support Petitioner's argument for acceptance of responsibility and leniency.  In sum, Petitioner's sentencing-related ineffective assistance claim lacks record support.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases.  In addition, I recommend that the Court deny Petitioner's motions for habeas relief under 28 U.S.C. § 2255.  I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of November, 2023.